UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE L MULLAN,<br><br>    Plaintiff,<br><br>v.<br><br>CHANCE DANIELS,<br><br>    Defendant. | Case No. 19-cv-04058-KAW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

On July 15, 2019, Plaintiff Joyce Mullan filed the instant case against Defendant Chance Daniels, alleging claims for defamation. (Compl., Dkt. No. 1.) Pending before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. (Def.'s Mot. to Dismiss, Dkt. No. 12.) The Court deems the matter suitable for disposition without a hearing and VACATES the December 19, 2019 hearing. Having reviewed the parties' filings and the relevant legal authority, the Court GRANTS Defendant's motion to dismiss for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff is a resident of California, and has been "a nationally recognized and respected breeder of Standard Schnauzers producing show puppies and dogs" for the past eleven years. (Compl. ¶¶ 1, 5.) Defendant is a resident of Washington and/or Colorado. (Compl. ¶ 2.) Plaintiff alleges that in July 2018, Defendant knowingly and willfully published false and libelous statements on a website specifically directed to individuals involved in the breeding, training, showing, and purchases of Standard Schnauzers. (Compl. ¶ 5.) Specifically, Defendant posted statements that Plaintiff was a "disreputable breeder," who had attempted to steal Defendant's dog and was now involved in litigation against Defendant. (Compl. ¶ 6.)

Based on this posting, Plaintiff filed the instant case, alleging claims for: (1) defamation, (2) trade libel, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress. (Compl. at 3-6.) Plaintiff asserts jurisdiction based on diversity jurisdiction. (Compl. ¶ 3.) On November 5, 2019, Defendant filed a motion to dismiss. On November 19, 2019, Plaintiff filed her opposition. (Pl.'s Opp'n, Dkt. No. 15.) On November 26, 2019, Defendant filed his reply. (Def.'s Reply, Dkt. No. 16.)

## II. DISCUSSION

Defendant seeks dismissal based on lack of jurisdiction and failure to state a claim. The Court finds that Plaintiff has failed to plead facts necessary for diversity jurisdiction, and dismisses the case on that ground.

Federal courts exercise limited jurisdiction. A "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). District courts also have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

Here, Plaintiff has only pled that she is "a citizen of the United States and a resident of the State of California," and that Defendant "was a resident of [the] State of Washington and/or the State of Colorado" at all times relevant to this case. (Compl. ¶¶ 1, 2.) The Ninth Circuit has been clear, however, that residency alone in insufficient to demonstrate citizenship. Instead, "[t]he natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Thus, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*; *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("residency is not equivalent to citizenship"). Further, diversity

jurisdiction is determined "as of the time the complaint is filed . . . ." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002); *see also Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015) ("it is clear the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint") (citing *Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 570-72 (2004)). Because Plaintiff has pled only the residency of the parties, and not their *citizenship* at the time the complaint was filed, Plaintiff has failed to sufficiently plead diversity jurisdiction.[1] Thus, dismissal is required for lack of subject matter jurisdiction.

Because the Court finds that it lacks jurisdiction over the case, the Court does not review Defendant's substantive arguments that Plaintiff failed to state a claim. The Court, however, notes that in opposing any future motions, Plaintiff should be prepared to cite to case authority with facts comparable to the instant case.[2]

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss for lack of jurisdiction. Plaintiff has thirty days from the date of this order to file an amended complaint that adequately alleges citizenship.

IT IS SO ORDERED.

Dated: December 11, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Defendant argues that allegations of citizenship "upon information and belief" are insufficient to establish diversity jurisdiction, relying on a 1963 district court decision. (Def.'s Mot. to Dismiss at 12.) The Ninth Circuit, however, has held that "[a] party's allegation of minimal diversity may be based on 'information and belief.'" *Ehrman*, 932 F.3d at 1227; *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014).

[2] The Court notes that Defendant takes issue with Plaintiff's pagination, namely that Plaintiff's substantive argument did not start until page 6 "as numbered in ECF, styled by Plaintiff's counsel as page '1' after five introductory pages paginated in romanettes." (Def.'s Reply at 2.) Defendant's argument appears misplaced as those five "introductory pages" are the table of contents and table of authorities, which are not part of the memorandum of points and authorities.