UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE L MULLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CHANCE DANIELS,<br><br>    Defendant. | Case No. 19-cv-04058-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 28 |

Plaintiff Joyce L. Mullan filed the instant case against Defendant Chance Daniels, alleging that Defendant defamed her. (First Amended Compl. ("FAC") ¶ 5, Dkt. No. 22.) Pending before the Court is Defendant's motion to dismiss. (Def.'s Mot. to Dismiss, Dkt. No. 28.)

Upon review of the parties' filings, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and VACATES the March 5, 2020 hearing. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendant's motion.

## I. BACKGROUND

Plaintiff is a nationally recognized breeder of Standard Schnauzer show puppies and dogs. (FAC ¶ 1.) Plaintiff alleges that Defendant attempted to purchase one of Plaintiff's puppies, and that they entered into an agreement for purchase based on Defendant's representations about his ability to raise, protect, and breed Standard Schnauzer show puppies. (FAC ¶ 18.) Plaintiff alleges that Defendant's representations were false. (FAC ¶ 18.)[1]

In July 2018, Defendant published allegedly false statements on a nationally known

---

[1] It is not entirely clear from the complaint if Plaintiff then refused to go through with the sale.

website specifically directed to individuals involved in breeding, training, showing, and purchasing Standard Schnauzer dogs. (FAC ¶ 6.) The statement accused Plaintiff of being a "disreputable breeder," and discussed a pending lawsuit "because she's attempted to steal my dog, mutilated it in violation of a restraining order the courts had granted me against her, and breach of contract . . . along with an increasing pile of claims (she's going to have to answer a perjury accusation later this week, for example)." (FAC ¶ 7.) Defendant requested assistance reporting Plaintiff "to governing bodies like the AKC and any sort of Standard Schnauzer specific board of governance" in order to get Plaintiff expelled or "to warn other potential victims of her behaviours so that they don't fall into the same problem." (FAC ¶ 7.) Plaintiff also alleges that Defendant posted signs and/or decals accusing Plaintiff of harming dogs, posted Plaintiff's address and photographs of her residence, and threatened Plaintiff with financial ruin if she did not do what Defendant told her to do. (FAC ¶¶ 8-9.)

Plaintiff alleges that after Defendant published these statements, "Plaintiff's business relating to the sale of Standard Schnauzers dropped drastically and clients who had previously expressed interest in purchasing her product withdraw their business." (FAC ¶ 19.) Plaintiff also alleges that Defendant's threats to ruin her financially "caused Plaintiff to suffer severe emotional distress." (FAC ¶ 23.)

On July 15, 2019, Plaintiff filed the instant action. (Compl., Dkt. No. 1.) On December 11, 2019, the Court granted Defendant's motion to dismiss for lack of subject matter jurisdiction based on Plaintiff's failure to plead facts necessary for diversity jurisdiction. (Dkt. No. 19 at 2.) On January 9, 2020, Plaintiff filed the operative complaint, pleading claims for: (1) defamation, (2) trade libel, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress. (FAC at 1.)

On January 23, 2020, Defendant filed the instant motion to dismiss the trade libel, intentional infliction of emotional distress, and negligent infliction of emotional distress claims. On February 6, 2020, Plaintiff filed her opposition. (Pl.'s Opp'n, Dkt. No. 33.) On February 13, 2020, Defendant filed his reply. (Def.'s Reply, Dkt. No. 34.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

If the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

United States District Court
Northern District of California

### III. DISCUSSION

#### A. Trade Libel

"Trade libel is the publication of matter disparaging the quality of another's property, which the publisher should recognize is likely to cause pecuniary loss to the owner." *City of Costa Mesa v. D'Alessio Invs., LLC*, 214 Cal. App. 4th 358, 376 (2013) (internal quotation omitted).

Defendant contends Plaintiff has failed to plead publication to a third party or financial harm. (Def.'s Mot. to Dismiss at 7-8.) The Court disagrees. With respect to publication, Plaintiff points out that she has alleged that Defendant published his allegedly defamatory statement on a nationally known website dedicated to Standard Schnauzer dogs, and that the website was publicly available to the world. (Pl.'s Opp'n at 3; *see also* FAC ¶ 6.) Likewise, with respect to financial harm, Plaintiff alleges that after Defendant posted his statement, "Plaintiff's sale of Standard Schnauzers dropped drastically and clients who had previously expressed interest in purchasing her product withdraw their business." (FAC ¶ 19; *see also* Pl.'s Opp'n at 3.) Notably, Defendant responds to neither of these arguments in his reply. The Court finds that for pleading purposes, such allegations are sufficient to bring a trade libel claim.

#### B. Intentional Infliction of Emotional Distress

To plead intentional infliction of emotional distress, a plaintiff must allege sufficient facts to plausibly allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993) (internal quotation omitted). To constitute outrageous conduct, the conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.*

Defendant argues that there are insufficient allegations of outrageous conduct. (Def.'s Mot. to Dismiss at 8.) In so arguing, Defendant focuses only on the online statements regarding the civil litigation and Defendant's "review" of Plaintiff's unfair business practices. (*Id.*)

4

Plaintiff, however, alleges more than just the publication of that review; Plaintiff also alleges that Defendant posted Plaintiff's addresses and photographs of her home, and threatened Plaintiff with financial ruin if she did not provide him the Standard Schnauzer in question. (FAC ¶¶ 8-9, 23.) At the pleading stage, the Court cannot find as a matter of law that such actions do not constitute outrageous conduct, and Defendant cites no cases with similar facts to the contrary.

Defendant also argues that Plaintiff alleges no specific facts as to her emotional distress. (Def.'s Mot. to Dismiss at 9.) The Court agrees. The complaint "is absent [of] any facts pertaining to the nature and extent of Plaintiff['s] emotional or mental suffering," and therefore fails. *Burnell v. Marin Humane Soc'y*, Case No. 14-cv-5635-JSC, 2015 U.S. Dist. LEXIS 150607, at \*65 (N.D. Cal. Nov. 5, 2015); *see also Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 712 (N.D. Cal. 2014) (finding insufficient facts where the plaintiff "fail[ed] to allege any form of emotional distress beyond the conclusory allegation that Defendants' actions 'cause[d] her mental anguish, anxiety, and distress' and that at some point she 'felt emotionally distressed and pained, fearing for her job and livelihood'"). While Plaintiff responds that "the 'exact nature and extent' of [her] emotional distress . . . is still on-going," this does not prevent Plaintiff from alleging the emotional distress she has suffered already. (Pl.'s Opp'n at 4.) Accordingly, the Court dismisses Plaintiff's intentional infliction of emotional distress claim with leave to amend. Any amendment must include specific facts regarding the nature of Plaintiff's emotional distress.

### C. Negligent Infliction of Emotional Distress

"[N]egligent infliction of emotional distress requires that a plaintiff show (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress." *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004). As discussed above, Plaintiff fails to satisfactorily plead the first element of serious emotional distress.

Further, "unlike the intentional formulation, [negligent infliction of emotional distress] 'is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply.'" *Burnell*, 2015 U.S. Dist. LEXIS 150607, at \*65 (quoting *Huggins v. Longs Drugs Stores Cal., Inc.*, 6 Cal. 4th 124, 129 (1993)). Here, Plaintiff alleges no duty or breach of

5

duty. The Court therefore dismisses Plaintiff's negligent infliction of emotional distress claim with leave to amend. The Court observes, however, that "where the conduct is intentional, it cannot be used as the basis for a negligent infliction of emotional distress claim." *Edwards v. U.S. Fidelity & Guar. Co.*, 848 F. Supp. 1460, 1466 (N.D. Cal. 1994); *see also Burnell*, 2015 U.S. Dist. LEXIS 150607, at *66. Thus, to the extent Plaintiff seeks to rely on the same conduct for both intentional and negligent infliction of emotional distress, "such cannot be the case." *Burnell*, 2015 U.S. Dist. LEXIS 150607, at *66.

### D. Motion to Strike

Finally, Defendant moves to strike the allegations in Paragraph 18 that the agreement to sell Defendant a Standard Schnauzer puppy was based on Defendant's representations about his ability to raise a puppy, and that those representations were false. (Def.'s Mot. to Dismiss at 12.) The Court DENIES Defendant's motion to strike these allegations. Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Here, the allegations regarding Defendant's representations about his ability to raise a puppy go to the truth of Defendant's statement, including whether Plaintiff in fact tried to "steal" his dog or if there was a valid reason for not selling the dog. It also goes to whether Defendant's response to Plaintiff's failure to sell him a Standard Schnauzer was reasonable. Thus, the allegations are not "redundant, immaterial, impertinent, or scandalous."

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss. Defendant's motion to dismiss the trade libel claim is DENIED. Defendant's motion to strike the allegations in Paragraph 18 is DENIED. Defendant's motion to dismiss the intentional infliction of emotional distress and negligent infliction of emotional distress claims is GRANTED.

///

///

///

6

Plaintiff may file an amended complaint consistent with this order within **30 days** of the date of this order.

IT IS SO ORDERED.

Dated: March 4, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge